1  WILSON TURNER KOSMO LLP
   CLAUDETTE G. WILSON (110076)
2  JESSICA A. CHASIN (214983)
   DANIEL C. GUNNING (259642)
3  550 West C Street, Suite 1050
   San Diego, California 92101
4  Telephone: (619) 236-9600
   Facsimile:  (619) 236-9669
5  E-mail: cwilson@wilsonturnerkosmo.com
   E-mail: jchasin@wilsonturnerkosmo.com
6  E-mail: dgunning@wilsonturnerkosmo.com

7  Attorneys for Defendant
   UNITED PARCEL SERVICE, INC.

8

FILED
CLERK U.S. DISTRICT COURT
SEP 27 2012
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

9            UNITED STATES DISTRICT COURT
10           CENTRAL DISTRICT OF CALIFORNIA
11                  WESTERN DIVISION

| | |
|---|---|
| NATHAN FELIX,<br><br>            Plaintiff,<br><br>   v.<br><br>UNITED PARCEL SERVICE, INC.; and DOES 1 to 10,<br><br>            Defendants. | Case No. CV11-09427-R (FMOx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY ADJUDICATION [Fed. Rule 56(c)]**<br><br>Date:            August 6, 2012<br>Time:            10:00 a.m.<br><br>District Judge:  Manuel L. Real<br>Courtroom:       8<br><br>Magistrate Judge: Fernando M. Olguin<br>Courtroom:        F<br><br>Complaint Filed: October 13, 2011<br>Trial Date:      August 28, 2012 |

**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT'S MSJ**

Case 2:11-cv-09427-

| UNDISPUTED FACTS | EVIDENCE THAT SUPPORTS FACTUAL STATEMENT |
|---|---|
| 1. Plaintiff was employed by UPS as a "combo" employee at its Cerritos facility | 1. Deposition of Nathan Felix (Felix depo) relevant portions attached as Exhibit D to Defendant's Notice of Lodgment in Support of Motion for Summary Judgment, or in the Alternative Summary Adjudication (NOL) at 16:21-17:1 |
| 2. Plaintiff spent four hours of his eight hour shift performing the job of Revenue Recovery Auditor and the other four hours of his shift as an Unloader | 2. Felix Depo (Exh. D to NOL) at 17:2-9. |
| 3. The Unloader and Auditor jobs are very physically demanding. | 3. Declaration of Harvey Hill in Support of Defendant's Motion for Summary Judgment or in the Alternative Summary Adjudication at ¶¶3-4 (Hill Decl.); Revenue Recovery Auditor job description attached as Exh. A to NOL; Unloader job description attached as Exh. B to NOL; Felix depo at pg. 67-68 (NOL Exh. D) |
| 4. Both jobs require constant standing and walking | 4. Hill Decl. at ¶¶3-4; Revenue Recovery Auditor job description (NOL Exh. A); Unloader job description (NOL Exh. B); Felix depo at pg. 67:9-13 (NOL Exh. D) |
| 5. Both jobs require the ability to lift heavy packages and assist in moving packages up to 150 pounds. | 5. Hill Decl. at ¶¶3-4; Revenue Recovery Auditor job description (NOL Exh. A); Unloader job description (NOL Exh. B); Felix depo at pg. 67:9-13, 67:14-68:8 (NOL Exh. D) |
| 6. The job as an Auditor required working in a confined space with continual body movements of pivoting, bending, and pulling objects off a rapidly moving belt. | 6. Felix depo 67:2-8, 65:22-66:8 (NOL Exh. D); Letter dated 11/11/2009 (NOL Exh. E) |
| 7. The Unloader job required lifting heavy packages weighing up to 70 pounds and bulky objects easily over 100 pounds on a daily basis. | 7. Felix depo 67:22-68:2, 65:22-66:8 (NOL Exh. D); Letter dated 11/11/2009 (NOL Exh. E) |
| 8. The job of Unloader was made even more strenuous by the fact that it required moving objects rapidly and continually for long periods of time. | 8. Felix depo 68:9-15, 65:22-66:8 (NOL Exh. D); Letter dated 11/11/2009 (NOL Exh. E) |

- 1 -

**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT'S MSJ**

| UNDISPUTED FACTS | EVIDENCE THAT SUPPORTS FACTUAL STATEMENT |
|---|---|
| 9. All of these are repetitive daily job functions that put physically demanding stress on one's knees. | 9. Felix depo 69:14-19, 65:22-66:8 (NOL Exh. D); Letter dated 11/11/2009 (NOL Exh. E) |
| 10. On June 16, 2009 Plaintiff requested a medical leave of absence. | 10. Complaint at ¶13; Felix depo 33:1-17 (NOL Exh. D); Letter dated June 17, 2009 (NOL Exh. F) |
| 11. UPS granted the leave. | 11. Complaint at ¶13; Felix depo 33:1-17 (NOL Exh. D); Letter dated June 17, 2009 (NOL Exh. F) |
| 12. Plaintiff's medical leave was originally anticipated to last from June 16, 2009 through August 3, 2009. | 12. Felix depo 28:3-16 (NOL Exh. D); Doctor's note dated 6/15/09 (NOL Exh. G) |
| 13. Plaintiff's leave was extended three times, until November 2009. | 13. Felix depo 55:2-22, 58:11-21, 60:10-16 (NOL. Exh. D); Doctor's note dated 7/7/09 (NOL Exh. H); Doctor's note dated 9/3/09 (NOL Exh. I); Doctor's note dated 10/8/09 (NOL Exh. J) |
| 14. In March 2010 Plaintiff provided UPS with a doctor's note extending his leave through May 2010. | 14. Felix depo 108:4-109:2 (NOL Exh. D); Doctor's note dated 3/2/10 (NOL Exh. K) |
| 15. Plaintiff's leave was repeatedly extended through August 2010. | 15. Felix depo 116:2-16, 117:21-118:10, 120:12-121:1 (NOL Exh. D); Doctor's note dated 4/21/10 (NOL Exh. L); Doctor's note dated 6/1/10 (NOL Exh. M); Doctor's note dated 7/13/10 (NOL Exh. N) |
| 16. On August 23, 2010, Plaintiff was released back to work with the following restrictions: 1) no prolonged standing and walking; 2) no repeated bending, stooping, twisting; 3) no forceful use of injured extremity | 16. Felix depo 123:2-15 (NOL Exh. D); Doctor's note dated 8/18/10 (NOL Exh. O) |
| 17. The restrictions were permanent. | 17. Felix depo 123:2-15 (NOL Exh. D); Doctor's note dated 8/18/10 (NOL Exh. O) |
| 18. At his deposition, Plaintiff asserted that he personally delivered the work release note to Beverly in the HR office. | 18. Felix depo 131:16-131:24 (NOL Exh. D) |

- 2 -

**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT'S MSJ**

| UNDISPUTED FACTS | EVIDENCE THAT SUPPORTS FACTUAL STATEMENT |
|---|---|
| 19. UPS does not have a record of receiving the August 2010 note. | 19. Declaration of Denise Peralta in Support of Defendant's Motion for Summary Adjudication, or in the Alternative, Motion for Summary Adjudication (Peralta Decl.) at ¶5 |
| 20. Plaintiff did not tell anyone at UPS that he wanted to be reinstated. | 20. Felix depo 204:22-205:5 (NOL Exh. D) |
| 21. Plaintiff did not ask anyone at UPS for an accommodation. | 21. Felix depo 206:25-207:9 (NOL Exh. D) |
| 22. Plaintiff's work restrictions precluded him from performing his job as Auditor or Unloader. | 22. Felix depo 208:11-13, 208:23-209:24 (NOL Exh. D) |
| 23. Plaintiff cannot identify any accommodation that would have permitted him to perform his job as Auditor / Unloader. | 23. Felix depo 208:14-17, 209:25-210:3 (NOL Exh. D) |
| 24. Plaintiff could not perform any other positions on the floor. | 24. Hill Decl. ¶5; Felix depo 210:13-211:4, 212:7-25 (NOL Exh. D) |
| 25. Plaintiff was only physically capable of an office job. | 25. Felix depo 213:1-6 (NOL Exh. D) |
| 26. Plaintiff was not qualified to perform an office job. | 26. Felix depo 213:1-16 (NOL Exh. D) |
| 27. On or about September 23, 2010, UPS sent Plaintiff a letter informing him that it needed Plaintiff to update his medical status. | 27. Felix depo 135:22-136:2 (NOL Exh. D), Letter dated 9/23/10 (NOL Exh. P) |
| 28. Plaintiff did not respond to the letter. | 28. Felix depo 136:22-137:7; 137:16-25; 138:16-139:4, 140:6-12 (NOL Exh. D) |
| 29. The September 23 letter informed Plaintiff that if he did not respond to the request by October 7, 2010, he would be subject to termination. | 29. Felix depo 135:22-136:2 (NOL Exh. D), Letter dated 9/23/10 (NOL Exh. P) |

**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT'S MSJ**

| UNDISPUTED FACTS | EVIDENCE THAT SUPPORTS FACTUAL STATEMENT |
|---|---|
| 30. On October 26, 2010 UPS sent Plaintiff another letter requesting documentation to support his medical leave and informing him if he did not respond within three days he would be terminated. | 30. Felix depo 141:19-24 (NOL Exh. D); Letter dated 10/26/10 (NOL Exh. Q) |
| 31. Plaintiff did not contact UPS in response to the October 26, 2010 letter. | 31. Felix depo 143:4-6, 144:22-24 (NOL Exh. D) |
| 32. Plaintiff knew that if he did not respond to the October 26, 2010 letter, he would be terminated. | 32. Felix depo 144:25-145:5 (NOL Exh. D) |
| 33. UPS sent Plaintiff another letter on November 3, 2010 terminating his employment. | 33. Felix depo 145:9-19 (NOL Exh. D); Letter dated 11/3/10 (NOL Exh. R) |
| 34. UPS maintains an anti-discrimination/anti-harassment policy. | 34. Hill Decl. ¶6, anti-discrimination/anti-harassment policy (NOL Exh. C) |
| 35. Plaintiff did not file a grievance with his union in opposition to his termination. | 35. Felix depo 214:7-21 (NOL Exh. D) |

Dated: July 3, 2012            WILSON TURNER KOSMO LLP

By: /s/ Jessica. A. Chasin
CLAUDETTE G. WILSON
JESSICA A. CHASIN
DANIEL C. GUNNING
Attorneys for Defendant
UNITED PARCEL SERVICE. INC.

IT IS SO ORDERED

DATE _Sep 27 2012_

U.S. DISTRICT COURT JUDGE

- 4 -

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT'S MSJ